UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:09-CR-0008-GFVT-HAI-1 |
| ) | |
| V. ) | |
| ) | |
| JASON RAY MARCUM, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") [R. 55] filed in the Record by United States Magistrate Judge Hanly A. Ingram on February 6, 2017. The Magistrate's Recommended Disposition was requested following the revocation of Jason Ray Marcum's supervised release and the issuance of a warrant by this Court. [R. 47.] Initially, a judgment was entered against Jason Ray Marcum on May 18, 2010. [R. 25.] Defendant Marcum was sentenced to one-hundred months of imprisonment and four years supervised release for "manufacturing less than 50 marijuana plants and being a felon in possession of a firearm." [R. 55 at 1.] Defendant Marcum began his term of supervised release on October 12, 2016. [*Id.*] Mr. Marcum's supervised release was revoked following a urine sample that tested positive for amphetamine, methamphetamine, and marijuana metabolite. Defendant also gave a written admission admitting to alcohol consumption and methamphetamine use. [*Id.*]

Defendant was arrested on January 28, 2017. After being taken into custody by the United States Marshals Service, Defendant Marcum notified the Marshals that he had "concealed

two to three grams of methamphetamine on his person." [R. 55 at 2.] Following a colonoscopy the concealed drugs were located and sent to the KSP Crime Lab for identification. Defendant's conduct resulted in five supervised release violations including: violation 1, failing to refrain from unlawful use of a controlled substance; violation 2, committing another federal, state, or local crime since use is equivalent to possession; violation 3, Defendant was did not abstain from the use of alcohol as required; violation 4, the Defendant failed to answer truthfully to probation officer inquiries; violation 5, Defendant violated an additional federal, state, or local crime by hiding methamphetamine on his person during his arrest. [*See* R. 55 at 2-3.]

Judge Ingram held a final hearing on January 30, 2017, concerning revocation of Mr. Marcum's supervised release. [*Id.* at 3.] At the revocation hearing, Marcum admitted the factual basis for all charged violations and "competently entered a knowing, voluntary, and intelligent stipulation to the charged violations in the Report and Addendum." *Id.* The United States argued for revocation and twenty-four months of imprisonment with four years of supervised release but the Defendant argued that eighteen months of imprisonment followed by four years of supervised release would be adequate in addition to drug treatment. *Id.* at 4.

Upon evaluation of the entire record, the Report, the Addendum, the § 3553 factors imported into the section 3583(e) analysis, the Guidelines range, accompanying documents, and the sentencing materials, Magistrate Judge Ingram issued an R&R recommending revocation with a term of imprisonment of twenty-one (21) months and a term of supervised release to expire four years from the date of release under the conditions previously imposed. This Recommendation also includes a requirement that Defendant Marcum immediately enroll in inpatient treatment for a period of three months following his release. [*Id*. at 8.]

In making this "within-Guidelines" recommendation, Judge Ingram reiterates that

2

Congress mandates revocation in a case of this nature. [R. 55 at 6 (referencing 18 U.S.C. § 3583(g)(1)).] In evaluating the nature and circumstances of Defendants' conviction, the Magistrate Judge found that Defendant Marcum's underlying conviction is very serious as he grew marijuana and was a felon in possession of a firearm. *Id.* The Defendant has a high criminal history category of V. [R. 55 at 4.] His past illicit behavior "includes a significant record with prior felony convictions related to drugs and violent offenses." *Id.* at 7. Besides the obvious danger presented by a felon in possession of drugs and a firearm, crimes of this nature are harmful to members of the community at large and that community will be made protected by the Mr. Marcum's incarceration. The Defendant "is addicted to controlled substances and has shown that he will go to great lengths to feed this addiction." *Id.* at 7.

This Court and the Magistrate must consider the Defendant's history and characteristics, and the need to deter criminal conduct and protect the public when imposing a sentence. Mr. Marcum was not quick to accept responsibility for violating the terms of his supervised release, he initially misled the USPO, and he engaged in drug use that was reminiscent of his underlying offense. Further, the "primary wrong in the supervised release context is the violation of the Court's trust by an offender." [R. 55 at 7.] The Magistrate Judge found that a term of incarceration of twenty-one months would be sufficient but not greater than necessary and that the Defendant must overcome his challenging addiction and "try harder to comply while on supervised release." *Id.* at 8.

The Magistrate Judge warned the Defendant that, if he fails to comply with the terms of his supervised release, he will face increasingly serious penalties. *Id.* This Court echoes the Magistrate's concerns and admonition. Mr. Marcum must use this additional term of incarceration and inpatient treatment to overcome his drug addiction. Also, the Magistrate found

3

that "[b]oth sides recognize that a significant term of supervision is needed." *Id.* The R&R concludes by directing the parties to the relevant statute that requires any objections to be filed within fourteen (14) days of service. [*Id.* at 9.] As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Magistrate's Recommended Disposition [**R. 55**] as to Jason Ray Marcum is **ADOPTED** as and for the Opinion of the Court; and

2. The Defendant, Jason Ray Marcum, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office, the Addendum, and the Recommended Disposition of the Magistrate Judge; and

3. Mr. Marcum's Supervised Release is **REVOKED**; and

4. Mr. Marcum is hereby sentenced to a term of incarceration for **twenty-one (21) months** with a term of supervised release of forty-eight **(48) months** to follow under the conditions previously imposed; and

5. Immediately following incarceration the Defendant must enroll in, and successfully complete, **three (3)** months of inpatient treatment.

This the 5th day of April, 2017.

Gregory F. Van Tatenhove
United States District Judge