UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:09-cr-00008-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| JASON RAY MARCUM, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 76] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant Jason Ray Marcum is charged with three violations of his supervised release conditions. *Id.* at 3. For the reasons that follow, the Recommended Disposition [R. 76] will be adopted.

I

Judgment was originally entered against Mr. Marcum in May 2010, after he pled guilty to one count of manufacturing less than fifty marijuana plants and one count of being a felon in possession of a sawed-off shotgun. [R. 76.] Mr. Marcum was then sentenced to 100 months on both counts, to be served concurrently, followed by a four-year term of supervised release. *Id.* Mr. Marcum began his term of supervised release in October 2016. *Id.*

In April 2017, the Defendant's supervised release was revoked for the first time after he was found guilty of multiple violations, including use of controlled substances (methamphetamine and marijuana) and the associated criminal conduct of use of those drugs, the use of alcohol, the

failure to answer truthfully to inquiries by his probation officer, and commission of a crime (possession of methamphetamine). *Id.* These violations resulted in Mr. Marcum being sentenced to twenty-one months of imprisonment and four years of supervised release to follow. *Id.* In August 2018, Mr. Marcum was again released and began his additional term of supervision.

On April 25, 2019, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id*. at 2. This initial Report charged Mr. Marcum with a single violation, failure to report as instructed to his probation officer, U.S. Probation Officer Joey Tyler. *Id.* at 3. As a basis for this violation, the Report alleges that, over the course of a month, Mr. Marcum repeatedly failed to meet with or respond to instructions to report by Officer Tyler. *Id.* at 2-3. This conduct constitutes a Grade C violation. *Id.* at 3.

This Court issued a summons for Mr. Marcum to appear at an initial appearance on the alleged violation but again he failed to appear as directed. *Id.* at 2. Thereafter, the Court issued an arrest warrant and Mr. Marcum was arrested on June 13, 2019. *Id.* at 3.

Following his arrest, Mr. Marcum met with Officer Tyler on June 14, 2019 at the Laurel County Detention Center. *Id.* At that time, Mr. Marcum admitted to using methamphetamine two days prior and signed a Positive Urinalysis Report describing his use. *Id.* The USPO issued an Addendum to the Report the same day. *Id.* at 2.

The Addendum alleges that his admitted methamphetamine use triggered two additional violations of his supervised release conditions. First, Mr. Marcum was to "refrain from any unlawful use of a controlled substance." *Id.* at 3. Failure to do so would constitute a Grade C violation. *Id.* Additionally, the Report alleges that his admitted use of methamphetamine triggered a violation of his agreement not to commit conduct which constituted a "federal, state,

or local offense punishable by a term of imprisonment exceeding one year." *Id.* at 3; U.S.S.G. § 7B1.1(a)(2). Because of Mr. Marcum's prior drug conviction, use is the same as possession. [R. 76 at 3.] Therefore, his admitted use of methamphetamine is conduct in violation of 21 U.S.C. § 844(a), a Class E Felony. *Id.* This conduct would constitute a Grade B violation. *Id.*

At the final revocation hearing, held on June 24, 2019, Mr. Marcum competently entered a knowing, voluntary, and intelligent stipulation to Violation 1 as charged in the Report, failure to report to his probation officer as instructed. [R. 77 at 4.] However, he exercised his right to a full hearing as to Violations 2 and 3 from the Addendum. *Id.*

II

A

At the final revocation hearing, Officer Tyler testified as to Mr. Marcum's admission of methamphetamine use as it related to Violations 2 and 3. [R. 76 at 4.] Defense counsel orally moved to suppress the testimony as a violation of Mr. Marcum's Fifth and Sixth Amendment rights. [*Id;* R. 72.] Magistrate Judge Ingram continued the hearing in order to allow full briefing by the parties on the motion to suppress. [R. 76 at 4.]

After considering the parties' briefing, Magistrate Judge Ingram issued a memorandum opinion and order recommending denial of the motion to suppress. [R. 74.] First, Judge Ingram found that Mr. Marcum's Sixth Amendment right to counsel claim failed as defendants "have no constitutional right to counsel within the context of supervised release violation proceedings." *Id.* at 7. Indeed, the Sixth Circuit has made clear that "there is no constitutional right to the effective assistance of counsel at a supervised release revocation hearing" and further that any entitlement to counsel in this context is statutory. *United States v. Lester*, 76 F.3d 380 (6th Cir. 1996); *see also United States v. Ward*, 770 F.3d 1090, 1097–98 (4th Cir. 2014) ("Courts

consistently have held that the constitutional protections afforded in a criminal trial are not co-extensive with the rights applicable in post-conviction proceedings such as supervised release revocation hearings.").

For similar reasons, Judge Ingram found that Mr. Marcum had no valid Fifth Amendment claim in support of the motion to suppress. Judge Ingram emphasized that "[a]s a foundational matter, supervised release violation proceedings are *not* criminal proceedings." [R. 74 at 6 (citing *United States v. Riley*, 920 F.3d 200, 207–08 (4th Cir. 2019)).] As such, testimony concerning uncoerced statements to a probation officer such as Officer Tyler where Mr. Marcum did not assert a Fifth Amendment privilege is not in violation of the Fifth Amendment, even in the absence of *Miranda* warnings. *Id.* (citing *Minnesota v. Murphy*, 465 U.S. 420, 425, 440 (1984). A violation of a defendant's Fifth Amendment privilege against self-incrimination "occurs only if one has been compelled to be a witness against himself in a criminal case." *See Riley,* 920 F.3d at 207 (quoting *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (plurality opinion)).

Moreover, Judge Ingram noted that even if a constitutional violation "were to be found on this record, exclusion of Marcum's statement would not be warranted." [R. 74 at 8.] The Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." *Penn. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 359 (1998). As it relates to the supervised release context specifically, the Supreme Court has explained that "the exclusionary rule . . . is incompatible with the traditionally flexible, administrative procedures of parole revocation." *Id.* at 365.

B

After the presentation of evidence, including the testimony from Officer Tyler, [1] Judge

Ingram found that Violations 2 and 3 had occurred. [R. 76 at 4.] The parties did not offer a

jointly recommended sentence. *Id.* at 5. The United States argued for twenty-four months

imprisonment followed by twenty-four months of supervised release. *Id.* Defense counsel

argued for a bottom of guidelines sentence with no supervision to follow. *Id.*

On August 2, 2019, Judge Ingram issued a Recommended Disposition which

recommended revocation of Brock's supervised release and a term of twenty-one months of

imprisonment with no supervised release to follow. *Id.* at 9. Judge Ingram appropriately

considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. *Id.* at 7.

The current violations, specifically Mr. Marcum's use of methamphetamine, are linked to

some degree with the circumstances of his underlying offenses, growing marijuana and being a

felon in possession of a sawed-off shotgun. *Id.* Use of illicit drugs indicates that Mr. Marcum

associates with users and traffickers of drugs. *Id.* His continued association with individuals

who use or deal in illegal substances puts him at risk of making poor choices and additional

criminal conduct. *Id.*

Mr. Marcum has a mixed track record of success as it concerns treatment. *Id.*

Notwithstanding Mr. Marcum's limited success in treatment, Judge Ingram noted that Mr.

Marcum acknowledged during his final hearing that he "essentially cannot turn away from

meth." *Id.* at 8. Thus, Judge Ingram recommends that "the limited public resources available do

---

[1] In consideration of the above findings, Judge Ingram did consider the testimony of Officer Tyler when determining whether Violations 2 and 3 occurred. [R. 74 at 8.]

not warrant further investment" in treatment for Mr. Marcum. *Id.* Relatedly, given Mr. Marcum's acknowledgment of his meth addiction and repeated violations, Judge Ingram found that "no meaningful progress could be expected through additional supervision . . .." *Id.*

There is a real need to deter future criminal conduct of this type because it puts both Mr. Marcum and the community at risk. *Id.* In fact, Congress mandates revocation in this case given the nature of the violations. *Id.* at 6. Mr. Marcum could only avoid imprisonment if suitable alternative treatment options existed, but, as noted above, his history does not warrant such relief. *Id.* at 6–8.

Finally, Mr. Marcum's violations are also a serious breach of the Court's trust. Mr. Marcum's supervised release has been revoked before for similar violations and once more he has returned to the use of illicit drugs in clear violation of the terms of his supervised release. *Id.* Further, Mr. Marcum's lack of cooperation with the USPO and Officer Tyler shows a lack of respect for the USPO and the Court. Mr. Marcum is to be credited for his honesty with Officer Tyler following his arrest. However, the aggravating factors in this case warrant a significant term of imprisonment.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Marcum submitted a waiver of allocution. [R. 78.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a

magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 76**] as to Defendant Jason Ray Marcum is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Marcum's Motion to Suppress [**R. 72**] is **DENIED**;

3. Defendant Marcum is found to have violated the terms of his Supervised Release as set forth in the Report and Addendum filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

4. Mr. Marcum's Supervised Release is **REVOKED**;

5. Mr. Marcum is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **twenty-one (21) months** of imprisonment; and

6. No supervised release to follow.

This the 15th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge